WILLIAM A. DELASHMUT, et al., v. THE CITY OF OSKALOOSA, et al.,. Appellants.

CHANGING STREET LINE. Evidence does not justify.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

THURSDAY, JANUARY 31, 1895.

The plaintiffs are six in number. The defendants are the defendant city and one Fitzgerald, its street commissioner. North B street is in the defendant city, running north and south, and the plaintiffs are property owners on either side of it, and reside on said street. The petition represents: "(3) That said North B street has been established and open for more than forty years. That the buildings along and upon said street, and fences and sidewalks and trees have been planted along said street, for a period of over twenty years. Said buildings, sidewalks, and trees were all built and planted in accordance with the line of said street for more than twenty years. That the street is now open, and has been for more than twenty years, to its proper width, to-wit, width of about sixty-six feet. (4) That the city of Oskaloosa has recognized the line as occupied and opened as the street, and the lines of the fences as built by the plaintiffs, and the residences upon said street, and the laying down of sidewalks upon said street; and the city has actually worked, macadamized, and graded said street upon the line, as the same has been occupied, for more than twenty years. That the city is now estopped to change the line of said street from where the same has been kept, both by the city and each and all of the plaintiffs, upon said North B street. (5) That the defendants are now wrongfully seeking to change the line of said street by removing the said street three feet further to the east, causing the removal of all the fences upon either side of said street, the cutting down of all the shade trees, which are numerous, in front of each of the properties of the plaintiffs, removing each and all of the sidewalks of each and all of the plaintiffs, greatly to their injury, which is absolutely irrepara- ble. That the cutting down of the shade trees cannot be answered in damage; neither can the shade trees be removed, because of the many years' growth, many of them being thirty years old or over. (6) That the plaintiffs have no speedy and adequate remedy at law, and unless the defendant is restrained, he will destroy all of said trees upon either side of said street fronting the premises of each and all of the plaintiffs." It is further represented that the defendant Fitzgerald, by authority of the city, is about to cut down said trees, and has in fact cut some of them, in order to change the location of the street; that the properties of the plaintiffs on said street are their homesteads, and have been improved as such; and estoppel is claimed against the city from changing the location of said street in the manner contemplated. The city says that the trees of plaintiff Delashmut will not be injured or disturbed by the contemplated change in the street, and as to the other plaintiffs it says their trees are an obstruction in the street, and should be removed, to permit a permanent improvement of the street on established lines, which improvements the city has in contemplation. It says that the plaint- iffs planted their trees without any attention to the established lines, and that by virtue of a resolution of the city council it has started to

make improvements by ordering permanent sidewalks put down, and cutting down the street to its established grade. It denies that it is estopped to make the contemplated changes and improvements, or that the plaintiffs will be injured thereby. The District Court found the issues with the plaintiffs, and, as to a part of them, that the trees in front of their properties were not an obstruction to the improvement of the street, and awarded an injunction as prayed. The defendants appealed.—*Affirmed*.

*J. C. Williams* for appellants.

*J. B. Bolton* for appellees.

Granger, J.—The decree in this case is correct, both on legal and equitable grounds. The claim of the city is that by recent survey the street as it is at present, and has been for the past twenty-five years or more, improved, is some two feet too far west, and that for a proper permanent improvement of the street it should be moved east that distance. It appears in evidence that this street has been worked for thirty-five years, and that the street and alley crossings, the sidewalks, and all the improvements along the street have been made to conform to the street as accepted and improved by the city. There is evidence of lot corners being established and marked when these improvements by the city and lot owners were commenced; and the street, as thus located, has been, by all parties, understood to be as it is at present, until this recent survey. Nothing in evidence as to this new survey satisfies us that these parties have been mistaken. Before such a change is made, involving interests so important in the way of expense to abutting property owners, changes in their property, and the destruction of shade trees, not only valuable to the plaintiffs, but to the public, the court should be satisfied from the evidence that here is a substantial variance from the legally established line of the street. We concur in the finding of the district court that the trees are not an obstruction to the proper improvement of the street. There seems to be nothing to elaborate. The case turns upon the evidence showing the facts. In view of this conclusion, it is not important that we consider the question of estoppel. The judgment is *affirmed*.